JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation; GETTY LEASING, INC., d/b/a/ GETTY CALIFORNIA LEASING, INC., a Delaware corporation; U.S.R.P. HOLDING CORP., INC., d/b/a/ U.S. RESTAURANT PROPERTIES HOLDING CORP., a Texas corporation; and BALWINDER SINGH, an individual; and PRITPAL KAUR BAINS, an individual,<br><br>    Defendants. | Case No. 12-cv-01487 ODW (Ex)<br><br>**JUDGMENT** |

    THIS CAUSE is before the Court upon Defendant's Notice of Filing of Rule 68 Offer of Judgment and Acceptance Thereof by Plaintiff Byron Chapman,

    Accordingly, it is hereby **ORDERED:**

1. Defendant 7-Eleven, Inc. will pay Plaintiff the total sum of $7,501.00 on behalf of Defendants. This sum shall be payable within fifteen (15) business days upon entry of this Order. Pursuant to the terms negotiated by the Parties, this sum is inclusive of all of Plaintiff's actual and claimed costs, fees, attorneys' fees, expenses, claims for damages of any nature and any degree (including, but not limited to, claims for statutory damages), as well as any and all otherwise recoverable claims, relief (whether expressly requested by Plaintiff or not), and compensation of any nature (whether local, state, federal, or otherwise).

2. Defendant 7-Eleven, Inc. will retain a Certified Access Specialist (or "CASp") of its selection to inspect the claims regarding purported barriers to accessibility referenced in Paragraphs 13 and 14 of Plaintiff's Complaint at the subject property located at 903 W. Ventura Street, Fillmore, California 93015 within five (5) business days of entry of this Order. 7-Eleven, Inc. will work in good faith with the retained CASp to ensure that the claims regarding purported barriers to accessibility referenced in Paragraphs 13 and 14 of Plaintiff's Complaint are addressed and fully-compliant with relevant state and federal accessibility requirements where readily achievable. 7-Eleven, Inc. will complete such accessibility upgrades at the subject property in good faith and within 60 days of entry of this Order.

3. Pursuant to the terms negotiated by the Parties, Plaintiff and Defendants will execute mutually acceptable general releases including Plaintiff releasing any and all known and unknown claims, allegations, and causes of action against Defendants, both individually and collectively, relating in any way to Defendants and to the subject property. Plaintiff will dismiss any and all claims, allegations, and causes of action that relate in any way to this lawsuit and the subject property located at 903 W. Ventura Street, Fillmore, California 93015 in their entirety and with prejudice no later than twenty (20) days of entry of this Order. On March 20, 2012, Plaintiff dismissed originally-named defendant "U.S.R.P. Holding Corp., Inc. d/b/a/ U.S. Restaurant Properties Holding Corp., a Texas corporation" *without* prejudice. As part of Plaintiff's

requirement to dismiss his claims, allegations, and causes of action that relate in any way to this lawsuit and the subject property located at 903 W. Ventura Street, Fillmore, California 93015 in their entirety and with prejudice, Plaintiff will also include originally-named defendant "U.S.R.P. Holding Corp., Inc. d/b/a/ U.S. Restaurant Properties Holding Corp., a Texas corporation" in the dismissal pleadings and this entity is to be dismissed *with* prejudice along with Defendants.

This Court will retain jurisdiction over the dismissal and termination of this dispute.

**IT IS SO ORDERED** at Los Angeles, California, this 27 day of December 2012.

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE